## THE PEOPLE *v.* GARCÍA.

APPEAL from the District Court of San Juan, Section 2.

No. 445.—Decided June 24, 1912.

CRIMINAL LAW—COMPLAINT—OATH—DEPUTY SECRETARY—APPEAL—PROCEDURE.—
The question as to whether the oath to a complaint is insufficient because it was administered by a deputy secretary of a municipal court cannot be raised for the first time on appeal, because should a defect exist for such reason the same would not be fundamental from the moment when testimony in support of the complaint was taken at the trial.

The facts are stated in the opinion.

*Messrs. Luis Llorens Torres* and *J. de J. Esteves* for appellant.

*Mr. Charles E. Foote, fiscal,* for respondent.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant, Hipólito García, was charged in the Municipal Court of San Juan with the crime of aggravated assault and battery. The complaint was sworn to before Antonio López, deputy clerk of said court.

Said case was afterwards appealed to the District Court of San Juan, Section 2, which court, during the trial *de novo* held therein, denied a motion made by the defendant after the *fiscal* had introduced his evidence asking the court to dismiss the case on the ground of the failure of proof of some of the elements of the crime with which he had been charged. Said court, after hearing the evidence of the defendant, convicted him of said crime and sentenced him to two months in jail and payment of costs, from which sentence the defendant took this appeal.

Appellant bases his appeal on two grounds: That the complaint was not sworn in accordance with the law, because it appears therefrom that the oath was taken before Antonio López, deputy clerk of the Municipal Court of San Juan, who,.though acting as such, had no power to take oaths; and that the motion to dismiss the case was erroneously denied because the *fiscal* did not prove all the essential elements of the crime charged to the defendant.

With reference to the first error assigned we have carefully examined the transcript of the case and we find nothing therein to show the making of any objection in the court below on the ground of the defective oath of the complaint, and now it is too late to raise this question for the first time before the Supreme Court, because, even assuming that such defect exists, it would not be fundamental, since the complaint was supported by the sworn testimony introduced at the trial.

The second error assigned makes it necessary for us to examine the testimony of the witnesses introduced by the *fiscal,* inasmuch as it is contended that it was not sufficient to

support the complaint and that the accusation should have been dismissed.

Amparo Pérez testified that she was sitting on the balcony of her house with her child when the defendant passed by and took it away from her, and then she ran after him to get it back; that she asked the defendant—who is the father of the child—to give it to her, and she took it away from him; that the defendant pushed her away, and when he again made a motion to take the child he raised his hand and slapped her on the face, pushed her aside, and kicked her.

Juan Matos testified that he was not acquainted with the defendant, not even by sight; that he was present when the wife of the accused asked him to provide a place for her and her child to sleep, to which he replied that he had a place for the child but not for her, and when she tried to take the child away from him he slapped her in the face, and afterwards kicked her and threw her on the stairs, and at that moment a policeman arrived.

Guillermo Flordevilla said that he was an Insular policeman, and as he was entering a store he heard Amparo saying, "Do not push me," and he looked around and saw the defendant give her a violent push, slapping her in the face and kicking her, the defendant holding a child in his arms.

This evidence clearly shows that the defendant wilfully and maliciously attacked and assaulted his wife, Amparo Pérez, and we fail to see how the court could have committed any error in denying the motion to dismiss the action.

There is no reason to reverse the judgment, and the same should be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, Wolf and del Toro concurred.